UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JULIAN HUFFMAN,<br><br>　　　　　　Defendant. | 4:22-CR-40131-KES<br><br>**ORDER<br>DENYING MOTION<br>TO REDUCE SENTENCE** |

Defendant, Julian Huffman, represented by the Federal Public Defender, filed a motion under 18 U.S.C. § 3582(c)(2) requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 34. Plaintiff, the United States of America, agrees with Huffman's motion. Docket 37. For the following reasons, Huffman's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826–27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence

modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

"At step two . . . § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *See Dillon*, 560 U.S. at 827.

Huffman's guideline range, based on a total offense level of 13 and a Criminal History Category of IV, was 24–30 months in custody. Docket 25 ¶ 57. He had a total of 8 criminal history points, which included 2 "status points" for committing his offense while under a criminal justice sentence. *Id.* ¶ 34–35. On June 20, 2023, the court varied below the guidelines and sentenced Huffman to a below guideline range term of 21 months in custody, for committing the

offense of making counterfeit United States currency. Docket 27 at 1–2. In its

Statement of Reasons, the court justified its variance from the sentencing

guideline range as follows:

> The Court removed 2 criminal history points from the defendant's
> criminal history calculation based on the proposed amendment to
> USSG §4A1.1(d). The change resulted in 6 criminal history points
> instead of 8, which is category III instead of IV, which resulted in a
> guideline custody range of 18 to 24 months.

Docket 27-1 at 5.

On April 29, 2024, Huffman filed a motion requesting a reduced sentence

of 18 months under Part A to Amendment 821. Docket 34 at 1.

In Part A to Amendment 821 to the Sentencing Guidelines, the

Sentencing Commission altered the "status points" provision regarding criminal

history. U.S.S.G. § 4A1.1(e). The amended provision states:

> One point is added if the defendant (1) receives 7 or more points
> under subsections [§ 4A1.1(a)] through (d), and (2) committed the
> instant offense while under any criminal justice sentence,
> including probation, parole, supervised release, imprisonment,
> work release, or escape status.

*Id.* Thus, a person who received 7 criminal history points or more now receives

1 additional "status" criminal history point, instead of 2, while a person who

otherwise received 6 criminal history points or fewer receives no "status

points." The Commission decreed that this change applies retroactively and

directed that a court granting relief may not order the release of a defendant to

occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of his sentencing, the court recognized that Huffman met the

criteria under amended U.S.S.G. § 4A1.1(e), making him eligible for two less

criminal history points under the proposed amendment that, at that time, had not yet come into effect. Based on that eligibility, the court varied from the guidelines then in effect. *See* Docket 27-1 at 5. The court removed two criminal history points from Huffman's criminal history based on the proposed Part A to Amendment 821, which reduced his criminal history category and placed him in Criminal History Category III. This resulted in a guideline range of 18–24 months in custody. *Id.* The court then sentenced Huffman to a sentence in the middle of what would have been Huffman's guideline range following the adoption of Amendment 821. *See id.* Thus, the court already factored the effect that Part A of Amendment 821 would have on Huffman's sentence at the time of the original sentencing, and a further reduction is not warranted.

## CONCLUSION

It is ORDERED that Huffman's motion (Docket 34) is DENIED.

Dated June 21, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

4